**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

LISA MONTOYA,
      Plaintiff,

 vs.                             CIVIL ACTION NO. _____

LOVELACE HEALTH SYSTEMS, INC.,
A/K/A LOVELACE MEDICAL GROUP
AND/OR ARDENT HEALTH SERVICES,
NEW MEXICO HEART INSTITUTE,
MELISSA FROHMADER AND
LUCY WALKER,

      Defendants.

**COMPLAINT FOR EMPLOYMENT LAW DISCRIMINATION, DISCRIMINATION-RELATED RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AND TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 FAILURE TO ACCOMMODATE, COMMON LAW RETALIATION/RETALIATORY DISCHARGE AND FMLA INTERFERENCE AND RETALIATION**

COMES NOW Plaintiff Lisa Montoya, by and through her attorney ANITA KELLEY LAW (Anita M. Kelley, Esq.) and for her Complaint for Employment Law Discrimination, Discrimination-Related Retaliation in Violation of the Americans with Disabilities Act, Failure to Accommodate and Common Law Retaliation/Retaliatory Discharge and FMLA Interference and Retaliation ("Complaint") does hereby state the following:

**JURISDICTION AND VENUE**

1.      Plaintiff Montoya brings this Complaint to remedy violations of the Americans with Disabilities Act of 1990 ("ADA") and Title VII of the Civil Rights Act of 1964 along with common law retaliation/retaliatory discharge against her former employer, Lovelace Health Systems, Inc., a/k/a Lovelace Medical Group and/or Ardent Health Services (collectively, "Lovelace") and New

Mexico Heart Institute, and Defendants Melissa Frohmader and Lucy Walker in connection with said employment law claims.

2.     Plaintiff's claims stem from discrimination against her on the basis of her disabilities/serious health conditions and her race/color/national origin under the Americans with Disabilities Act (ADA) of 1990, and the New Mexico Human Rights Act, Section 28-1-7 NMSA, as well as under Title VII of the Civil Rights Act of 1964; they also involve failure to provide reasonable accommodations and retaliating against Plaintiff for requesting same; subjecting Plaintiff to harassment and a hostile work environment, and differential treatment, as well as retaliation for needing to take protected and allowed time off and for reporting violations of New Mexico law or public policy, and FMLA interference and retaliation.

3.     Plaintiff has suffered damages due to employment-related discrimination and retaliation and therefore seeks damages and other appropriate legal relief.

4.     Plaintiff is a resident of Albuquerque in Bernalillo County, New Mexico.

5.     Upon information and belief, Defendant Melissa Frohmader is a resident of New Mexico.

6.     Upon information and belief, Defendant Lucy Walker is a resident of New Mexico.

7.     Upon information and belief, Defendant Lovelace is a foreign corporation headquartered in Nashville, Tennessee and doing business in New Mexico and/or is a domestic corporation headquartered in New Mexico.

8.     Upon information and belief, Defendant Lovelace may be affiliated with, owned by, or own Ardent Health Services, which is a foreign corporation headquartered in Brentwood, Tennessee or Nashville, Tennessee and doing business in New Mexico.

9.     Upon information and belief, Defendant New Mexico Heart Institute is a domestic corporation headquartered in Albuquerque, New Mexico.

10.    Plaintiff Montoya was employed by Defendant Lovelace primarily at its place of business in Albuquerque, New Mexico, and worked at the New Mexico Heart Institute in Albuquerque, New Mexico.

11.    The place where the discriminatory and other illegal acts occurred was in the City of Albuquerque, County of Bernalillo, State of New Mexico.

12.    Upon information and belief, Defendant Lovelace employs more than 200 employees.

13.    Defendant is an employer within the meaning of the ADA.

14.    Plaintiff brings claims subject to the ADA, Title VII of the Civil Rights Act, the New Mexico Human Rights Act, and the Family Medical Leave Act ("FMLA").

15.    This Complaint invokes Federal Question jurisdiction.

16.    Venue is properly laid.

17.    This Court has personal and subject matter jurisdiction.

18.    Plaintiff Montoya dual-filed a Charge of Discrimination with the New Mexico Human Rights Bureau (HRB) and Federal Equal Employment Opportunity Commission (EEOC) and has received a Right to Sue Letter from both, thereby exhausting her administrative remedies.

19.    Her Right to Sue Letter from the EEOC is dated March 9, 2026, and was not received until after that date, and allows Plaintiff ninety (90) days to file a lawsuit in Federal court.

20.    Plaintiff has filed this lawsuit in Federal Court within ninety (90) days of the date that she was served with and received the Right to Sue Letter from the EEOC, and therefore this Complaint is timely filed, and the matter is ripe for this Court to hear.

**ALLEGATIONS COMMON TO ALL CLAIMS**

21.     Plaintiff references and incorporates all prior allegations contained in each and every paragraph of this Complaint as if originally set forth herein.

22.     Plaintiff Montoya is a brown-skinned Hispanic female of Mexican-American descent.

23.     Plaintiff Montoya also has disabilities/serious medical conditions that substantially limit one or more of her major life activities and illnesses, and impairments or physical or mental conditions that involve continuing treatment over an extended period of time by a medical provider.

24.     These conditions include but are not limited to an L5-S1 spinal fusion with chronic low back pain and spondylolisthesis and DDD, moderate spinal canal stenosis, chronic anxiety with insomnia and panic attacks.

25.     Plaintiff Montoya worked for Defendant Lovelace at New Mexico Heart Hospital as a Cardiac Senior Device Technician for Lovelace for almost 14 years, since 2009, with a long history of being a loyal employee with an excellent record and strong performance reviews prior to the events that comprise her Complaint.

26.     Plaintiff Montoya's only write-up or discipline while working for Defendant Lovelace was a "Corrective Action Form" that she received on October 26, 2023, and which was based on taking FMLA leave; this was after Plaintiff Montoya had requested reasonable accommodations in October of 2023 and was denied.

27.     The basis of Plaintiff Montoya's write-up was for allegedly failing to sufficiently log her FMLA absences into the "FMLASource" system and Defendant Lovelace therefore counted those absences as unexcused absences; however, this was due to an error with the software,

4

in which Plaintiff Montoya had reported the days of absence on the app but they were not there due to a system error, and Plaintiff Montoya re-entered them sufficiently after being told of the issue, yet Defendant Lovelace still penalized Plaintiff Montoya for absences related to her disabilities/serious medical health conditions, interfered with her attempts to take FMLA leave and retaliated against her for attempting to do so.

28.    Plaintiff Montoya was treated differently than similarly situated employees and treated differently than white employees who needed to take FMLA leave or necessary and allowed time off work and/or had disabilities and/or serious medical conditions and who were not Hispanic/brown-skinned/of Mexican-American descent and heritage.

29.    Ever since Plaintiff Montoya attempted to take FMLA leave and needed time off for her disability/serious medical condition, Defendants began harassing her and retaliating against her, including subjecting her to increased scrutiny and looking for ways to discipline her and/or wrongfully terminate her.

30.    Plaintiff Montoya requested intermittent FMLA leave through 2024, which required further certification.

31.    Defendants continued to retaliate against Plaintiff for requesting and using FMLA leave, so that Plaintiff was subjected to harassment by her supervisors and co-workers and suffered emotional distress damages due to a hostile work environment.

32.    On May 13, 2024, Plaintiff  had a dispute with her co-worker, who had been harassing her about her collective time off work, which was necessary for medical purposes and for which Plaintiff Montoya was entitled to take paid leave.

33.    Plaintiff Montoya was then investigated and written up for a "Tier Three Offense" and then on May 16, 2024, Plaintiff Montoya was wrongfully terminated.

34.     The Tier Three Offense is the most serious offense and punishment, and it does not follow Lovelace's own policies.

35.     The Tier Three Offense and termination constituted discrimination against Plaintiff Montoya because other similarly situated employees who took time off and/or who had disciplinary actions taken against them and who were not of my same race/national origin/color were not escalated to termination but instead were given chances to improve based on lower tier disciplinary policies.

36.     Plaintiff Montoya had complained about being treated differently and about harassment but neither her supervisor, Defendant Melissa Frohmader (Nurse Manager), nor anyone in Human Resources ("HR"), including Defendant Lucy Walker (HR Business Partner), did anything to help.

37.     Instead, Plaintiff Montoya was instructed by Defendant Frohmader to just silently take abuse from her co-worker and not to do anything to anger her.

38.     HR, including Defendant Lucy Walkter, did not investigate Plaintiff Montoya's claims nor provide assistance.

39.     Therefore, Plaintiff Montoya was a victim of retaliation for taking FMLA leave and requesting reasonable accommodations for her disability, as well as for reporting actions that Defendant Lovelace took against her that went against New Mexico and Federal law and public policy, including policies related to employee sick leave and time off, and Plaintiff Montoya was a victim of harassment and a hostile work environment.

40.     Plaintiff Montoya tried to speak with Defendant Frohmader about the situation, but Defendant Frohmader wrongfully terminated her, and then Defendant Lovelace fought Plaintiff Montoya's ability to receive unemployment insurance benefits, causing further emotional distress.

6

41.    Plaintiff Montoya ultimately prevailed on appeal of her unemployment insurance case but had to incur attorneys' fees and spend time doing so, resulting in further loss of money and further emotional distress and stress after she was already wrongfully terminated.

42.    Due to Defendants' illegal actions against her, Plaintiff Montoya is entitled to damages in an amount to be proven at trial.

**COUNT I – EMPLOYMENT DISCRIMINATION
IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

43.    Plaintiff references and incorporates all prior allegations contained in each and every paragraph of this Complaint as if originally set forth herein.

44.    This claim is brought under and for violations of the Americans with Disabilities Act of 1990, as amended, and as codified in 42 U.S. Code, Section 12101, *et seq.*

45.    Plaintiff has a disability and/or serious medical condition that substantially limits one or more of her major life activities, by interfering with her ability to continually work or engage in activities without pain and suffering.

46.    Plaintiff was otherwise qualified to complete all duties associated with her job despite his disability/serious medical condition, as evidenced by having a stellar work history for fourteen years and positive feedback and work evaluations prior to being terminated.

47.    Plaintiff communicated her requests for reasonable accommodations under the ADA due to her disability/serious medical condition, yet Defendant failed to engage in an interactive process or accommodate the requests.

48.    Defendant intentionally discriminated against Plaintiff by denying her her requested ADA accommodations.

49.    Defendant also intentionally discriminated against Plaintiff on the basis of her disability/serious medical condition.

50.    Defendant took adverse actions against Plaintiff, up to and including wrongful termiantion.

51.    Plaintiff has suffered damages as a result of Defendant's discrimination against her based on her disability/serious medical condition, for which she is entitled to damages in an amount to be determined at trial.

## COUNT II – EMPLOYMENT DISCRIMINATION
## IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## AND THE NEW MEXICO HUMARN RIGHTS ACT

52.    Plaintiff references and incorporates all prior allegations contained in each and every paragraph of this Complaint as if originally set forth herein.

53.    Plaintiff is a member of several protected classes (race, national origin and skin color).

54.    Defendants discriminated against Plaintiff based on her race, national origin and skin color.

55.    Plaintiff was treated differently than other similarly situated employees based on her race, national origin and skin color.

56.    Plaintiff suffered adverse actions, up to and including termination.

57.    Plaintiff has suffered damages as a result of Defendant's discrimination against her based on her race/national origin/skin color, for which she is entitled to damages in an amount to be determined at trial.

## COUNT III – FAILURE TO ACCOMMODATE

58.    Plaintiff references and incorporates all prior allegations contained in each and every paragraph of this Complaint as if originally set forth herein.

59.    Plaintiff is disabled.

8

60.    Plaintiff was otherwise qualified to work for Defendant.

61.    Plaintiff requested a plausibly reasonable accommodation.

62.    Defendant had direct knowledge of Plaintiff's disability/serious medical condition.

63.    Plaintiff made requests for accommodations from Defendant.

64.    Defendant failed to accommodate these requests.

65.    The accommodations that Plaintiff requested included but are not limited to intermittent time off work for flare-ups of her disability/serious medical condition.

66.    Defendant refused to accommodate Plaintiff's requests or to engage in an interactive process accordingly.

67.    Defendant took adverse action against Plaintiff, up to and including wrongful termination.

68.    Plaintiff has suffered damages due to Defendant's failure to accommodate her, for which she is entitled to damages in an amount to be determined by a jury at trial.

### COUNT IV – DISCRIMINATION-RELATED RETALIATION AND COMMON LAW RETALIATION/RETALIATORY DISCHARGE

69.    Plaintiff references and incorporates all prior allegations contained in each and every paragraph of this Complaint as if originally set forth herein.

70.    Plaintiff reported that she should be afforded reasonable accommodations when she was not, and requested time off work.

71.    Plaintiff engaged in a protected activity.

72.    Plaintiff reported discrimination and retaliation.

73.    Plaintiff also had a good faith basis to believe that Defendants were violating New Mexico law and public policy with regard to granting sick leave and time off.

74.    New Mexico law and public policy is in favor of allowing employees to take sick leave without fear of retaliation, as evidenced by the New Mexico Healthy Families Workplace Act.

75.    All employees and the public at large benefits from the public policy, not just Plaintiff.

76.    Defendant fired Plaintiff in retaliation for reporting her good faith belief of a violation of New Mexico law and/or public policy and/or for engaging in protected actions.

77.    Defendant took adverse actions against Plaintiff, up to and including but not limited to wrongfully terminating Plaintiff.

78.    The adverse action that Defendant took against Plaintiff was done contemporaneously or subsequent to the protected activity.

79.    There is a causal connection between such activity and Defendant's actions.

80.    Due to Defendant's actions, Plaintiff suffered damages for which she is entitled to damages in an amount to be determined by a jury at trial.

**COUNT V – FMLA INTERFERENCE AND RETALIATION**

81.    Plaintiff references and incorporates all prior allegations contained in each and every paragraph of this Complaint as if originally set forth herein.

82.    Plaintiff attempted to request FMLA leave.

83.    Plaintiff eventually did request intermittent FMLA leave.

84.    Defendants interfered with Plaintiff's FMLA leave.

85.    Defendants retaliated against Plaintiff for filing FMLA leave, up to and including wrongfully terminating her.

86.    Due to Defendant's actions, Plaintiff suffered damages for which she is entitled to damages in an amount to be determined by a jury at trial.

## JURY DEMAND

**Plaintiff Lisa Montoya is entitled to have her case heard by a jury and respectfully demands the same.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lisa Montoya respectfully requests judgment in her favor and prays for compensatory damages against Defendants and for attorneys' fees and costs, pre-judgment and post-judgment interest, and any other relief the Court deems just and proper.

Respectfully Submitted,

ANITA KELLEY LAW

*/s/ Anita M. Kelley*
Anita M. Kelley
*Attorney for Plaintiff Montoya*
2325 San Pedro Dr. NE, Suite 2J6
Albuquerque, NM 87110
amk@anitakelleylaw.com
(505) 750-3036

11